**CAHILL GORDON & REINDEL LLP**
Joel H. Levitin
Miles Wiley
32 Old Slip
New York, NY 10005
Tel: (212) 701-3770/3395
jlevitin@cahill.com
mwiley@cahill.com
and
Gregory Strong (*pro hac vice* pending)
221 W. 10th Street, 3rd Floor
Wilmington, DE 19801
Tel: (302) 884-0001
gstrong@cahill.com

*Counsel for Bob Yap Cheng Ghee, Toh Ai Ling, and Tan Yen Chiaw,*
*in their capacities as the joint and several liquidators of Multichain*
*Foundation Ltd. (In Liquidation) in insolvency proceedings before*
*the General Division of the High Court of the Republic of Singapore*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 15 |
| MULTICHAIN FOUNDATION LTD.,[1] | Case No. 25-12340 (DSJ) |
| Debtor in a Foreign Proceeding. | |

## MOTION PURSUANT TO BANKRUPTCY RULES 2002 AND 9007 REQUESTING ENTRY OF AN ORDER (I) SCHEDULING THE RECOGNITION HEARING AND (II) APPROVING FORM AND MANNER OF SERVICE OF NOTICE

Bob Yap Cheng Ghee, Toh Ai Ling, and Tan Yen Chiaw (the "**Petitioners**"), in their

capacities as the court-appointed joint and several liquidators of Multichain Foundation Ltd. (In

Liquidation) ("**Multichain**") in insolvency proceedings (the "**Singapore Insolvency**

**Proceedings**") pending before the General Division of the High Court of the Republic of

Singapore (the "**Singapore Court**"), Case No. HC/CWU 134/2025, by and through their

---

[1] The Debtor in this chapter 15 case, along with its unique identifier, is Multichain Foundation Ltd. (In Liquidation) (Singapore Business Number: 202141342W). The Debtor's current registered and business address is 12 Marina View, #15-01 Asia Square Tower, #2, Singapore 018961.

undersigned counsel, respectfully seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Recognition Hearing Order**"):  (a) scheduling a hearing on the relief sought in the *Motion in Support of Verified Petition for Recognition of Foreign Proceedings and for Related Relief* (the "**Recognition Motion**") and *Verified Petition for Recognition of Foreign Proceedings* (the "**Verified Petition**", together with the Recognition Motion, the "**Petition**") and setting the deadline for objections to the relief sought at seven days prior to the hearing;  (b) approving the notice of filing of the Petition in the form attached hereto as **Exhibit B** (the "**Notice**");  and (c) specifying the form and manner of service of the Notice.  In support thereof, the Petitioners respectfully state as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this matter pursuant to sections 157 and 1334 of title 28 of the United States Code and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.).

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P), and the Court may enter a final order in respect of it under Article III of the United States Constitution.

3.      Venue is proper in this Court pursuant to section 1410(1) of title 28 of the United States Code, which provides that "[a] case under chapter 15 of title 11 may be commenced in the district court of the United States for the district . . . in which the debtor has its principal place of business or principal assets in the United States."  28 U.S.C. § 1410(1).  Certain of the assets of Multichain that the Petitioners assert an interest in are subject to pending litigation in a state court in New York;  the Petitioners assert that the party with the ability to freeze such assets is located in New York, and undersigned counsel holds a retainer in an account based in New York.  *In re Berau Capital Res. Pte Ltd.*, 540 B.R. 80, 82 (Bankr. S.D.N.Y. 2015) (finding "attorney retainers

2

deposited in New York" sufficient to establish venue). In addition, venue is proper under 28 U.S.C. § 1410(3), in the interests of justice, because this motion seeks a stay of currently pending litigation in New York.

4.     The Petitioners have properly commenced this chapter 15 case (the "**Chapter 15 Case**") pursuant to section 1504 of the Bankruptcy Code by filing the Petition.

5.     The statutory predicates for the relief requested herein are sections 1515 and 1521 of the Bankruptcy Code and Bankruptcy Rules 1007(a)(4), 2002(l), 2002(m), 2002(p), 2002(q), and 9007.

## RELIEF REQUESTED

6.     The Petitioners respectfully request that this Court enter the Recognition Hearing Order: (a) setting a date that is on or about 21 days after service of the Notice for the hearing on the relief sought in the Petition (the "**Recognition Hearing**"), as the Court's calendar permits; (b) setting the deadline for any objections or responses to the relief sought in the Petition at seven days prior to the Recognition Hearing; (c) approving the form of notice of the Petition and the Recognition Hearing, substantially in the form of the proposed Notice attached hereto as **Exhibit B**; and (d) approving service of the Notice by email on the parties listed on **Exhibit C** hereto.

## FACTUAL BACKGROUND

7.     In July, 2023, unidentified hackers (the "**Hackers**") stole a significant amount of digital assets from Multichain, including units of a digital asset known as USDC valued at approximately $63 million (the "**Stolen USDC**"). *Declaration of Bob Yap Cheng Ghee in Support of First Day Documents* (the "**Yap Declaration**") ¶ 15.

8.     Multichain was in the business of operating a software protocol known as a "cross-chain bridge" because it allowed users to deposit digital assets with Multichain on one blockchain

3

network, following which Multichain would issue different digital assets intended to be of equal value to these users on another blockchain network (*i.e.*, to bridge digital assets from one blockchain network to another).  *Id.* ¶ 12.  For example, users could transfer USDC on the Ethereum blockchain network to Multichain and receive Multi-USDC, another digital asset, from Multichain on the Fantom blockchain network.  *Id.*  Similarly, a holder of Multi-USDC on the Fantom blockchain could transfer that Multi-USDC to Multichain, following which Multichain will transfer to him USDC of equivalent value on the Ethereum blockchain network.  *Id.*

9.     USDC is a type of digital asset known as a stablecoin issued by Circle Internet Financial, LLC ("**Circle**").  For every unit of USDC in circulation Circle maintains at least one U.S. dollar in reserve such that each unit of USDC is at all times backed by at least one U.S. dollar.  Verified Petition, Ex. C (Circle MTD) at 1, 3–4.

10.    Following the hack against Multichain, the Hackers transferred the Stolen USDC from Multichain's wallet addresses to three blockchain addresses that now hold the Stolen USDC (the "**Hacker Addresses**"):

     a.  0xefeef8e968a0db92781ac7b3b7c821909ef10c88,

     b.  0x027f1571aca57354223276722dc7b572a5b05cd8, and

     c.  0x48bead89e696ee93b04913cb0006f35adb844537.

*See generally id.*, Ex. B (Newton Complaint), Ex. C (Circle MTD) at 6; *see also* Stipulated Consent to Preliminary Injunction, *Newton AC/DC Fund, L.P.* v. *Circle Internet Financial, LLC*, No. 654157/2025 (N.Y. Sup. Ct. Jul. 14, 2025) (Dkt. No. 26).

11.    Circle has the ability to blacklist blockchain addresses, and will do so under certain circumstances, including pursuant to a valid law enforcement order or a valid court order.  Verified Petition, Ex. C (Circle MTD) at 1–2, 5.  As a technical matter, when Circle blacklists a blockchain

address, it adds that address to a table of blacklisted addresses maintained by the smart contract code for USDC, and all of the addresses on that table are prevented by the code from transferring USDC to another address (or receiving a transfer of USDC). This renders the USDC maintained at those blacklisted addresses frozen. Such frozen USDC cannot be transferred from a blacklisted address unless and until Circle removes that address from the table of blacklisted addresses.

12.    Shortly after the hack and theft of the Stolen USDC, the United States Department of Justice (the "**DOJ**") obtained a seizure warrant and compelled Circle to "blacklist" the Hacker Addresses. *See id.*, Ex. B (Newton Complaint) ¶¶ 40–41, Ex. C (Circle MTD) at 1–2, 6.

13.    Because it was not able to identify the Hackers for prosecution, the DOJ subsequently informed Circle that it would seek to vacate the seizure warrant at the end of July 2025.[2] *Id.*, Ex. B (Newton Complaint) ¶ 43. Without a valid seizure warrant or court order in place, Circle would not have a basis to keep the Hacker Addresses on the blacklist. *See also id.*, Ex. C (Circle MTD) at 6 & n.5.

14.    Newton AC/DC Fund, L.P. ("**Newton**") filed a complaint (the "**Newton Complaint**") commencing proceedings (the "**Newton Proceedings**") in the Supreme Court of the State of New York (the "**New York Court**") against Circle asserting a claim on behalf of a putative class for the return of the Stolen USDC.[3] *See generally id.*, Ex. B (Newton Complaint).

15.    The Newton Complaint asserts that because Newton currently holds Multi-USDC 3.575 million, it is entitled to claim USDC 3.575 million of the Stolen USDC, or the corresponding

---

[2] The Petitioners do not know whether the Department of Justice has actually vacated the seizure warrant.
[3] Newton filed an Amended Complaint on October 14, 2025. Amended Complaint, *Newton AC/DC Fund, L.P.* v. *Circle Internet Financial, LLC*, No. 654157/2025 (N.Y. Sup. Ct. Jul. 14, 2025) (Dkt. No. 32) (the "**Amended Complaint**"). In discussing Newton's allegations against Circle, the Petitioners cite to the Amended Complaint as the operative complaint in the Newton Proceedings.

U.S. dollar reserves backing those tokens.  A holder of Multi-USDC is not entitled to the corresponding USDC that was transferred to Multichain in exchange for the Multi-USDC.  Having transferred USDC to Multichain in exchange for Multi-USDC, a holder of Multi-USDC no longer has any entitlement to assert a claim for the USDC.

16.   In any event, if Newton believes it has a claim against Multichain by virtue of it holding Multi-USDC 3.575 million and thereby purports to be entitled to exchange it for USDC, the appropriate course of action would be to file a claim with the liquidators of Multichain, alongside other purported creditors.  It is not entitled to assert any claim over the Stolen USDC, the entirety of which should rightfully be returned to Multichain to be dealt with fairly and equitably within the framework of the Singapore Insolvency Proceedings.

17.   Newton was supposedly concerned that it would have no recourse if Circle removed the Hacker Addresses from the blacklist and the Hackers were able to transfer the Stolen USDC to other addresses or to exchange the Stolen USDC for other assets that are not able to be frozen in the same way that Circle can freeze USDC through the blacklisting process.  Yap Declaration ¶ 25.

18.   The Newton Complaint seeks a declaratory judgment resolving the ownership of the Stolen USDC currently maintained by the Hacker Addresses.  The Newton Complaint also seeks a judgment against Circle for approximately $63 million and an order recognizing that Circle currently holds that amount in a constructive trust for the benefit of the class.  Verified Petition, Ex. B (Newton Complaint).

19.   Newton and Circle entered into a stipulation (the "**Newton Stipulation**"), so ordered by the New York Court, which, among other things, requires Circle to maintain the Hacker

Addresses on the blacklist so that the Stolen USDC cannot be transferred until further order of the Court. *See id.*, Ex. D (Stipulated Consent to Preliminary Injunction).

20.     Recognizing that Newton is not the only party interested in recovering the Stolen USDC, and that Multichain and its creditors are likely to have interests as well, the Newton Stipulation further requires notice to certain other parties and provides that such other parties have the right to seek leave to intervene in the Newton Proceedings and the deadline to do so shall not expire before 60 days from the entry of the Newton Stipulation (which was entered on September 2, 2025). *See id.*, Ex. D (Stipulated Consent to Preliminary Injunction) ¶ 5.

21.     On September 29, 2025, Circle filed a motion to dismiss (the "**Circle MTD**") the Newton Proceedings. *See id.*, Ex. C (Circle MTD).  In lieu of an opposition, Newton filed in response an Amended Complaint and a Motion for Class Certification (the "**Newton Class Cert. Mot.**").  *See* Memorandum of Law in Support of the Motion by Newton AC/DC Fund, L.P., Scallion Trading Ltd., and Stanton Street Capital Partners, Inc. for Class Certification, to Appoint Class Representatives, and to Appoint Class Counsel, *Newton AC/DC Fund, L.P.* v. *Circle Internet Financial, LLC*, No. 654157/2025 (N.Y. Sup. Ct. Jul. 14, 2025) (Dkt. No. 35).  The New York Court could act upon the Newton Class Cert. Mot. at any time thereafter.  A resolution of the Newton Class Cert. Mot. could ultimately result in the Newton Stipulation being vacated in which case Circle would not be required to maintain the Hacker Addresses on the blacklist.  As explained above, being a holder of Multi-USDC does not entitle one to also claim the USDC that was transferred to Multichain in exchange for Multi-USDC.  Insofar as Newton and/or the other members of its proposed class action believe they have a claim against Multichain to exchange Multi-USDC for USDC, the appropriate course of action would be to file a claim with the liquidators of Multichain.

22.     The issues involved in the Newton Proceedings, including the need for a determination of which parties, if any, are entitled to recover the Stolen USDC or the U.S. dollar reserves backing them, as well as how and when any such recovered assets should be administered and/or distributed, are much more appropriately dealt with in the context of a case under chapter 15, which is specifically designed to enable "the fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested entities, including the debtor." 11 U.S.C. § 1501(a)(3).

23.     These same issues are relevant to the Singapore Insolvency Proceedings involving Multichain.  One of the parties that deposited digital assets to the Multichain software protocol that were stolen during the exploit sued Multichain in Singapore and obtained a judgment against Multichain and then filed an application with the Singapore Court on April 13, 2025 to have Multichain wound up under Singapore insolvency laws.  Yap Declaration ¶ 16.

24.     As a result, the Singapore Court entered an order dated May 9, 2025 and filed on May 13, 2025, providing for Multichain to be wound up under section 125(1)(e) of part 8 of the Insolvency, Restructuring and Dissolution Act 2018 in Singapore, and appointing the Petitioners as the joint and several liquidators of Multichain for the purpose of collecting, preserving, and ultimately distributing Multichain's assets as part of its liquidation. *Id.* ¶ 17.

25.     The Petitioners, as the official liquidators of Multichain, have an obligation to recover and marshal all of the assets of Multichain, and have commenced this Chapter 15 Case to pursue appropriate relief, including staying the Newton Proceedings, obtaining permanent blacklisting of the Hacker Addresses, and recovering the Stolen USDC and/or the U.S. dollar reserves backing them so that they can be available for distribution to all legitimate and eligible claimants in the Singapore Insolvency Proceedings, not just to Newton.  If plaintiffs in the Newton

8

Proceedings are valid creditors of Multichain, as they assert, they will be entitled to share in any recovery available to similarly situated creditors in the Singapore Insolvency Proceedings.

## **BASIS FOR RELIEF**

### I.   The Proposed Hearing Date, Objection Deadline, and Notice Procedures Are Adequate and Are Permitted by the Bankruptcy Rules

26.    Bankruptcy Rule 2002(q)(1) provides that the parties identified therein (together with certain other parties, all as identified in **Exhibit C** annexed hereto, the "**Chapter 15 Notice Parties**") and "such other entities as the Court may direct" must be given at least 21 days' notice of the hearing on the Petition.  Fed. R. Bankr. P. 2002(q)(1).  The Petitioners' request that the Recognition Hearing be scheduled on or about 21 days after service of the Notice and the Petition comports with that requirement.

27.    The proposed objection deadline of seven days prior to the Recognition Hearing is also consistent with the Bankruptcy Rules.  Bankruptcy Rule 1012(b) provides that objections to a chapter 15 petition "shall be presented no later than seven days before the date set for the hearing on the petition unless the court prescribes some other time or manner for responses."  *See* Fed. R. Bankr. P. 1012(b).  The Petitioners submit that an objection deadline of seven days before the Recognition Hearing is proper under the circumstances.

28.    Bankruptcy Rules 2002(m) and 9007 provide, among other things, that when notice is to be given under the Bankruptcy Rules, the Court shall designate the form and manner in which such notice shall be given (unless otherwise specified in the Bankruptcy Rules).  The proposed form of Notice attached hereto as **Exhibit B** notifies parties-in-interest of the commencement of this Chapter 15 Case, the date of the Recognition Hearing, and the deadline for objecting to the

relief sought in the Petition.  It also tells them where they may find additional information.  The Petitioners respectfully submit that no additional notice is warranted under the circumstances.

## II.     The Requirements of Section 1514(c) Should be Waived

29.     Section 1514(c) of the Bankruptcy Code provides that when notice of the commencement of a case under the Bankruptcy Code is given to foreign creditors, such notice shall indicate the time period and place for filing proofs of claim as well as whether such filing is necessary for secured creditors.  11 U.S.C. § 1514(c).  However, this is an ancillary case under chapter 15, and creditors will not be submitting proofs of claim in this Chapter 15 Case.  The Petitioners respectfully submit that Section 1514(c) does not apply in these circumstances, and as such ask that the Court waive its requirements.  *See* Collier on Bankruptcy ¶ 1514.01 (Resnick & Sommer 16th Ed.) (explaining that section 1514 is the "last in a series of sections dealing with the international aspects of cases under chapters other than chapter 15 that began with section 1511").

30.     Pursuant to Bankruptcy Rule 2002(q) and Local 9013-1(b), the Petitioners, as foreign representatives, propose to serve (a) the Verified Petition and (b) the Notice (collectively, the "**Notice Documents**") by electronic mail to the extent email addresses are available, and otherwise by overnight or first-class postage prepaid, upon the Chapter 15 Notice Parties.

31.     The Petitioners submit that the form and manner of service of notice requested herein for the Chapter 15 Notice Parties constitute adequate and sufficient notice of the commencement of this Chapter 15 Case and the relief sought in the Petition.  Accordingly, the Petitioners respectfully request that the Court approve the foregoing manner of service of the Notice Documents pursuant to Bankruptcy Rules 2002(m), 2002(q)(1), and 9007.

10

## NO PRIOR REQUEST

32.     No previous request for the relief requested herein has been made to this Court or to any other court.

## NOTICE

33.     The Petitioners request that the Court grant this motion without notice to creditors or other parties-in-interest.   The Petitioners will serve notice of the signed order in accordance with the procedures set forth in this motion.   In light of the nature of the relief requested, the Petitioners respectfully submit that no other or further notice should be required.

*[Remainder of page intentionally left blank.]*

**WHEREFORE**, the Petitioners respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**:  (a) scheduling a hearing on the relief sought in the Petition and setting the deadline for objections to the relief sought at seven days prior to the hearing;  (b) approving the notice of filing of the Petition in the form attached hereto as **Exhibit B**;  and (c) specifying the form and manner of service of the Notice.

Respectfully submitted:

Dated:  October 23, 2025

CAHILL GORDON & REINDEL LLP

/s/ Joel H. Levitin
Joel H. Levitin
Miles Wiley
32 Old Slip
New York, NY 10005
Tel: (212) 701-3770/3395
jlevitin@cahill.com
mwiley@cahill.com

and

Gregory Strong (*pro hac vice* pending)
221 W. 10th Street, 3rd Floor
Wilmington, DE 19801
Tel: (302) 884-0001
gstrong@cahill.com

*Counsel for Bob Yap Cheng Ghee, Toh Ai Ling, and Tan Yen Chiaw, in their capacities as the joint and several liquidators of Multichain Foundation Ltd. (In Liquidation) in insolvency proceedings before the General Division of the High Court of the Republic of Singapore*

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 15 |
| MULTICHAIN FOUNDATION LTD.,[1] | Case No. 25-12340 (DSJ) |
| Debtor in a Foreign Proceeding. | |

## ORDER (I) SCHEDULING THE RECOGNITION HEARING AND
## (II) APPROVING FORM AND MANNER OF SERVICE OF NOTICE

Upon the *Motion Pursuant to Bankruptcy Rules 2002 and 9007 Requesting Entry of an Order (I) Scheduling The Recognition Hearing and (II) Approving Form and Manner of Service of Notice* (the "**Scheduling & Notice Motion**")[2] of the Petitioners, in their capacities as the authorized foreign representatives (the "**Petitioners**") for Multichain Foundation Ltd. (In Liquidation) ("**Multichain**"), and upon consideration of the Petition, and all documents filed in support thereof;  and this Court having jurisdiction to consider the Scheduling & Notice motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334;  and consideration of the Scheduling & Notice Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);  and venue being proper before this Court pursuant to 28 U.S.C. § 1410;  and the Court having determined that the legal, evidentiary and factual bases set forth in the documents filed with the Court establish just cause for the relief granted herein;  and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

1.     The Scheduling & Notice Motion is granted to the extent set forth herein.

---

[1] The Debtor in this chapter 15 case, along with its unique identifier, is Multichain Foundation Ltd. (In Liquidation) (Singapore Business Number:  202141342W).  The Debtor's current registered and business address is 12 Marina View, #15-01 Asia Square Tower, #2, Singapore 018961.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Scheduling & Notice Motion.

1

2.      The Recognition Hearing shall be held before this Court on _____, 2025 at _____ (Prevailing Eastern Time) or as soon thereafter as counsel may be heard, before the Honorable Judge _____, of the United States Bankruptcy Court for the Southern District of New York.

3.      Parties wishing to appear at the Recognition Hearing, whether in a "live" or "listen only" capacity, must make an electronic appearance through the "eCourtAppearances" tab on the Court's website (_____) no later than 4:00 p.m. (prevailing Eastern Time) the business day before the Recognition Hearing (the "**Appearance Deadline**") and not by emailing or otherwise contacting the Court.  Following the Appearance Deadline, the Court will circulate by email the Recognition Hearing's Zoom link to those parties who have made an electronic appearance.    Additional information regarding the Court's Zoom and hearing procedures can be found on the Court's website.

4.      Except as provided otherwise in this Order, any objection to the Recognition Motion must be made in accordance with the Bankruptcy Code, the Local Rules of the United States Bankruptcy Court for the Southern District of New York, and the Federal Rules of Bankruptcy Procedure, in a writing that sets forth the basis for such objection with specificity and the nature and extent of the respondent's claims against Multichain.  Any such objection must be filed electronically with the Court on the Court's electronic case filing system in accordance with and except as provided in General Order M-399 (a copy of which may be viewed on this Court's website at www.nysb.uscourts.gov) and the Court's Procedures for the Filing, Signing and Verification of Documents by Electronic Means, and served upon the Petitioners' counsel, Cahill Gordon & Reindel LLP, 32 Old Slip, Floor 17, New York, NY 10005 (Attn:  Joel H. Levitin (jlevitin@cahill.com) and Miles Wiley (mwiley@cahill.com)), and 221 W. 10th Street, 3rd Floor,

2

Wilmington, DE 19801 (Attn: Gregory Strong (gstrong@cahill.com)) so as to be received by 4:00 p.m. (Prevailing Eastern Time) on _____, 2025, with a courtesy copy served upon the Chambers of the Judge _____, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004-1408.

5.     If no response or objection is timely filed and served as provided above, this Court may grant the relief requested by the Petitioners without further notice or hearing.

6.     The Recognition Hearing may be adjourned from time to time without further notice other than a notice of adjournment on the docket in this Chapter 15 Case or an announcement in open court of the adjourned date or dates of any further adjourned hearing.

7.     The Recognition Hearing shall be a final hearing.

8.     The form of the Recognition Hearing Notice, substantially in the form attached to the Motion as **Exhibit B**, is hereby approved. The Petitioners may fill in any missing dates and other information as ordered by this Court, correct any typographical errors, conform the provisions thereof to the provisions of this Order, and make such other and further non-material, non-substantive changes to the form of the Recognition Hearing Notice as the Petitioners deem necessary or appropriate.

9.     Copies of the Notice Documents, including all exhibits thereto, shall be served by electronic mail upon the Chapter 15 Notice Parties listed in **Exhibit C** attached to the motion within three (3) business days following entry of this Order (provided that such exhibits may be served on compact disc or similarly widely accessible digital media storage format at the election of the Petitioners).

3

10.     If any party files a notice of appearance in this Chapter 15 Case, the Petitioners

shall serve a copy of the Notice Documents on such party or its counsel within three (3) business

days following the filing of such notice of appearance if such documents have not already been

served on such party (or its counsel).

11.     The notice requirements in section 1514(c) of the Bankruptcy Code are inapplicable

in the context of this case and are hereby waived.

12.     Service pursuant to this Order shall constitute good and sufficient service and

adequate notice of the Recognition Hearing under Bankruptcy Rule 2002(q).

13.     The Petitioners are authorized to take all action necessary to carry out this Order.

14.     The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

15.     This Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2025

New York, NY

_____
United States Bankruptcy Judge

4

**Exhibit B**

**Recognition Hearing Notice**

**CAHILL GORDON & REINDEL LLP**
Joel H. Levitin
Miles Wiley
32 Old Slip
New York, NY 10005
Tel: (212) 701-3770/3395
jlevitin@cahill.com
mwiley@cahill.com
and
Gregory Strong (*pro hac vice* pending)
221 W. 10th Street, 3rd Floor
Wilmington, DE 19801
Tel: (302) 884-0001
gstrong@cahill.com

*Counsel for Bob Yap Cheng Ghee, Toh Ai Ling, and Tan Yen Chiaw,*
*in their capacities as the joint and several liquidators of Multichain*
*Foundation Ltd. (In Liquidation) in insolvency proceedings before*
*the General Division of the High Court of the Republic of Singapore*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 15 |
| MULTICHAIN FOUNDATION LTD.,[1] | Case No. 25-12340 (DSJ) |
| Debtor in a Foreign Proceeding. | |

## NOTICE OF PETITION FOR RECOGNITION OF FOREIGN PROCEEDING, MOTION FOR AN ORDER GRANTING RECOGNITION OF A FOREIGN PROCEEDING, AND RELATED RELIEF

**PLEASE TAKE NOTICE** that on _____, 2025, Bob Yap Cheng Ghee, Toh Ai Ling, and Tan Yen Chiaw, in their capacities as the authorized foreign representatives (in such capacity, the "**Petitioners**") of the Multichain Foundation Ltd. (In Liquidation) ("**Multichain**" or the "**Debtor**"), which is the subject of a liquidation proceeding (the "**Singapore Insolvency Proceedings**") under section 125(1)(e) of Part 8 of the Insolvency, Restructuring and Dissolution Act 2018 of Singapore before the Singapore High Court (the "**Singapore Court**"), Case Number: HC/CWU 134/2025, filed a Verified Petition for Recognition of Foreign Proceedings (the "**Verified Petition**"), a *Motion in Support of Verified Petition for Recognition of Foreign Proceedings and for Related Relief* (the "**Recognition Motion**"), and an *Ex Parte Motion of Foreign Representatives for Provisional Relief Pursuant to Section 1519 of the Bankruptcy Code*

---

[1] The Debtor in this chapter 15 case, along with its unique identifier, is Multichain Foundation Ltd. (In Liquidation) (Singapore Business Number: 202141342W). The Debtor's current registered and business address is 12 Marina View, #15-01 Asia Square Tower, #2, Singapore 018961.

1

under chapter 15 of title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the Southern District of New York (the "**Court**") seeking recognition of the Singapore Insolvency Proceedings as a foreign main proceeding.

**PLEASE TAKE FURTHER NOTICE** that the Court has scheduled a hearing to consider the relief requested in the Recognition Motion (the "**Recognition Hearing**") at _____ (Prevailing Eastern Time) on _____, 2025.  The Recognition Hearing will be held before the Honorable Judge _____ of the United States Bankruptcy Court for the Southern District of New York.

**PLEASE TAKE FURTHER NOTICE** that the Recognition Hearing will be conducted telephonically in accordance with General Order M-543, dated March 20, 2020 (Morris, C.J.). Any parties wishing to participate must do so telephonically by making arrangements through CourtSolutions LLC (www.court-solutions.com).  Instructions to register for CourtSolutions LLC are attached to General Order M-543.

**PLEASE TAKE FURTHER NOTICE** that any party-in-interest wishing to submit a response, answer, or objection to the Petition must do so pursuant to the Bankruptcy Code and the Local and Federal Rules of Bankruptcy Procedure, and such response, answer, or objection must (i) be in writing, (ii) set forth in detail the factual and legal bases therefor, (iii) be filed electronically with the Court on the Court's electronic case filing system in accordance with General Order M-399 (a copy of which may be viewed on the Court's website at www.nysb.uscourts.gov) so as to be received by _____, 2025 at 4:00 p.m. (Prevailing Eastern Time) (the "**Objection Deadline**"), and (iv) served upon counsel to the Petitioners, Cahill Gordon & Reindel LLP, 32 Old Slip, New York, New York 10005 (Attn:  Joel H. Levitin and Miles Wiley) so as to be received by the Objection Deadline.  A courtesy copy of any objection or response shall also be served the Chambers of the Honorable _____, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, 10004-1408.

**PLEASE TAKE FURTHER NOTICE** THAT IF NO OBJECTION OR OTHER RESPONSE IS TIMELY FILED AND SERVED AS PROVIDED ABOVE, THE BANKRUPTCY COURT MAY GRANT RECOGNITION OF THE SINGAPORE PROCEEDING AND THE OTHER RELIEF SOUGHT IN THE PETITION WITHOUT FURTHER NOTICE OR A HEARING.

**PLEASE TAKE FURTHER NOTICE** that the Recognition Hearing may be adjourned from time to time without further notice other than an announcement in open court at such hearings of the adjourned date or dates.

**PLEASE TAKE FURTHER NOTICE** that no time period or place for the filing of proofs of claim has been established and creditors need not file proofs of claim at this time.

**PLEASE TAKE FURTHER NOTICE** that copies of the Petition and other filings in this case are presently available on the Bankruptcy Court's Electronic Case Filing System, which can be accessed from the Bankruptcy Court's website at https://ecf.nysb.uscourts.gov (a PACER login

and a password are required to retrieve a document).  Copies may be also be requested by sending an email to MultichainNotice@cahill.com.

Dated:  October __, 2025

CAHILL GORDON & REINDEL LLP

/s/ Joel H. Levitin
Joel H. Levitin
Miles Wiley
32 Old Slip
New York, NY 10005
Tel: (212) 701-3770/3395
jlevitin@cahill.com
mwiley@cahill.com

and

Gregory Strong (*pro hac vice* pending)
221 W. 10th Street, 3rd Floor
Wilmington, DE 19801
Tel: (302) 884-0001
gstrong@cahill.com

*Counsel for Bob Yap Cheng Ghee, Toh Ai Ling, and Tan Yen Chiaw, in their capacities as the joint and several liquidators of Multichain Foundation Ltd. (In Liquidation) in insolvency proceedings before the General Division of the High Court of the Republic of Singapore*

**<u>Exhibit C</u>**

**List of Chapter 15 Notice Parties**

**Notice Parties**

**(As of October 23, 2025)**

| Name | Address | Email Address |
|---|---|---|
| Airell Ang, on behalf of Moon Beam Foundation | | a.ang@tlbfirm.com |
| Andy Paul Bruno Morel | 3 Rue Claude Berri 69800 Saint-Priest, France | andy.morel2411@gmail.com |
| Ankit Gyawali | 1051 Cape Breton Lane Sunbury, Ohio 43074 USA | agyaw792@gmail.com |
| Anonymous | | mainevent262@protonmail.com |
| Arturo Lopez | Calle Nugueret 30 Hotel Los Nogales Campo, Huesca Spain 22450 | silatekad@pm.me |
| Baptiste Lacroix | Rua Rodrigo da Fonseca 17 Portugal 1250 | baptlac@gmail.com |
| Belen Garcia Acin | Calle del Medio 8 Spain 22135 | belenxu693@gmail.com |
| Brickken Solutions S.L. | Rosello Street, number 25, ground floor, 1st. Spain 120727 | legal@brickken.com |
| Chris Poulos | | jitt1980@yahoo.com |
| Circle Internet Financial, LLC | C/O Jones Day Harold K. Gordon Alexander J. Wilson 250 Vesey Street New York, NY 10281-1047 USA | hkgordon@jonesday.com alexanderwilson@jonesday.com |
| David Xykominos | Rijnstraat 78-1, Arnhem Netherlands 6811EZ | xykominos@gmail.com |
| Donald Siegel | | donaldsiegel472@gmail.com |
| Fantom Foundation | C/O Stuart Walkers Corporate Services, P.O. Box 2510 | mk@fantom.foundation |

|  | Kensington House, 69 Dr. Roy's Drive Cayman Islands KY11104 |  |
| --- | --- | --- |
| Giovanni Feo | Via Cupone 43, Volturara Irpina (AV) Italy 83050 | giovanni.feo@live.it |
| Guan Wei Tan |  | gw@acantuspartners.com |
| Hector DAO | PO Box 4571, LM Business Centre Fish Lock Road, Road Town, Tortola British Virgin Islands VG1110 | lindsay.fitton@interpath.com |
| Jie Han | 19 Bedok South Road Singapore, 460019 | han.jie@outlook.com |
| Jim Witkam | Ramstraat 6 Utrecht, Netherlands 3581HH | jim.witkam@gmail.com |
| Ken Liang | 16123 Adelaide Dr Macomb, MI 48044 USA | klmsu545@gmail.com |
| Kevin Tatinclaux | 42 Rue Poizat 69100 Villeurbanne, France | kevin.tatinclaux@gmail.com |
| Lionel Bah | Rue Saint-Roch 5 Lausanne, Switzerland 1004 | cyklaman@protonmail.com |
| Manuel Ramirez Lopez | Calle Vazquez Clavel 19, 6B Marbella, Malaga Spain 29603 | manuelburgo44@gmail.com |
| Marshall Hayward |  | marshallhayward23@gmail.com |
| Martin Hoek | Oostvaardersdiep 12 Netherlands 1309AA | M_Hoek@hotmail.com |
| Masoud Javaherian | No 44, Ruzgar SK Fikirtepe Mah A 1 BLOK D : 96 Kadikoy – Istanbul Turkey | javaherian@gmail.com |
| Matej Ivankovic | Trg Dure Szabe 2 Croatia 44330 | mat.ivankovic1@gmail.com |

| | | |
|---|---|---|
| Michael Auffray | La Nina Rincon de Los Nogales 46, Los Nogales, Mexico 61608 | michaeljauffray@gmail.com |
| Miguel Vizcaya Cereijo | Calle San Jose 45, primero Cangas, Spain 36940 | miguel.priptoassist@gmail.com |
| Mikel Palokaj | Stichtstraat 14-1 Netherlands 1079RE | mikelpalokaj1@gmail.com |
| Newton AC/DC Fund, L.P. | C/O Will Newman Lawyer PLLC William H. Newman Tara Q. Higgins 33 Nassau Avenue, Second Floor Brooklyn, New York 11222 USA | will@willnewmanlawyer.com tara@willnewmanlawyer.com |
| Nicholas Fasano | | nfasano@mac.com |
| Nicolai Sienknecht | Hegelstr. 14 Schwelm Germany 58332 | nicolai.2010@hotmail.de |
| Office of the United States Trustee, Region 2 | Shara Cornell Office of the U.S. Trustee Alexander Hamilton Custom House One Bowling Green Suite 739 New York, NY 10004-1408 USA | Shara.Cornell@usdoj.gov |
| Philippe Montrieux | ul. Dragalevska 1 Apt 18 1407 Sofia Bulgaria | philippe_m@hotmail.com |
| Ricky Ng | 1851 N Green Valley Pkwy Apt 1524 Henderson, NV 89074 USA | ricky.n2291@gmail.com |
| Romain Ghibaudo | 1 Ivane Machabeli Street Georgia 0105 | romain.g13@hotmail.fr |
| Rouslan Tchebanenko | Heroyiv polku Azov Street, 32 Kyiv | rouslan.tchebanenko@gmail.com |

| | Ukraine 04210 | |
|---|---|---|
| Savio Z | | savio.z@protonmail.com |
| Stichting Greenfield YIeld | Singel 542 Amsterdam, Netherlands 1017AZ | stijn@greenfieldyield.com |
| Stijn Koudstaal | Schoolstraat, 24 f Netherlands 2511AX | stijnkoudstaal@hotmail.com |
| Vitaly Andryushin | Moscow, Varshavskoe highway, 154-1-90 Russian Federation 117405 | 7710733@gmail.com |
| Wee Ming Lim | 412-B, Lorong 1 Taman Kampung Atap, JLN Ujong Pasir Malaysia 75050 | xtremesolutionbiz@gmail.com |
| Yannick Bryssinck | Namenstraat 9 – 101 Belgium 2000 | yannick@kerckaert.be |