**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>MULTICHAIN FOUNDATION LTD.,[1]<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 25-12340 (DSJ) |

**AGREED ORDER GRANTING PROVISIONAL RELIEF**
**PURSUANT TO SECTION 1519 OF THE BANKRUPTCY CODE**

Upon the *Ex Parte Motion of Foreign Representatives for Provisional Relief Pursuant to Section 1519 of the Bankruptcy Code* (the "**Provisional Relief Motion**"), ECF No. 6, filed on behalf of Bob Yap Cheng Ghee, Toh Ai Ling, and Tan Yen Chiaw (the "**Petitioners**"), in their capacities as the joint and several liquidators of Multichain Foundation Ltd. (In Liquidation) ("**Multichain**") in insolvency proceedings (the "**Singapore Insolvency Proceedings**") pending before the General Division of the High Court of the Republic of Singapore; and upon this Court's review and consideration of the Provisional Relief Motion, and accompanying declarations of Bob Yap Cheng Ghee and Ong Tun Wei Danny, ECF Nos. 4 and 5, as well as the *Objection to Motion of Foreign Representatives for Provisional Relief Pursuant to Section 1519 of the Bankruptcy Code* filed by Newton AC/DC Fund, L.P., Scallion Trading Ltd., and Stanton Street Capital Partners, Inc. (collectively, the "**Named Plaintiffs**"), and accompanying declarations of Eric S. Meyer and William H. Newman, ECF Nos. 14, 15, and 16; and this Court having jurisdiction to consider the Provisional Relief Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109, 1501, and 1519; and this being a core proceeding pursuant

---

[1] The Debtor in this chapter 15 case, along with its unique identifier, is Multichain Foundation Ltd. (In Liquidation) (Singapore Business Number: 202141342W). The Debtor's current registered and business address is 12 Marina View, #15-01 Asia Square Tower, #2, Singapore 018961.

to 28 U.S.C. § 157(b)(2)(P); and the venue being proper before this Court pursuant to 28 U.S.C. § 1410; and due and sufficient limited notice of the filing of the Provisional Relief Motion having been given under the circumstances and upon the record; the Petitioners, the Named Plaintiffs, and Circle Internet Financial, LLC ("**Circle**") having agreed to the relief set forth herein; and it appearing that the relief requested in the Provisional Relief Motion, as modified herein, is necessary and is in the best interests of the Multichain's estate, creditors, and other stakeholders; and the Court having determined that the relief requested in the Provisional Relief Motion, as modified herein, is consistent with the purpose of chapter 15 of the Bankruptcy Code and that the legal and factual bases set forth in the Provisional Relief Motion and accompanying declarations establish just cause for the provisional relief granted herein; and after due deliberation and sufficient cause appearing therefor,

        **IT IS HEREBY FOUND AND DETERMINED THAT:**

        A.     The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

        B.     There is a substantial likelihood that the Petitioners will successfully demonstrate that the Singapore Insolvency Proceedings constitute a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code and make it possible for the Petitioners to effectuate the purpose of chapter 15 and protect property in which Multichain asserts an interest and the interests of creditors as contemplated by section 1521 of the Bankruptcy Code.

C. The Named Plaintiffs and Circle have agreed that they will not file any papers (other than any required disclosures or court-ordered filings) in the Newton Proceedings,[2] which have been removed to the United States District Court for the Southern District of New York, prior to this Court's consideration of the Verified Petition and the motion in support thereof at the recognition hearing scheduled for November 18, 2025.

D. Circle has represented that it maintains and will continue to maintain a reserve of an amount of United States dollar-denominated assets equivalent to all USDC in circulation, including the Stolen USDC, and as of October 23, 2025 such reserve totaled approximately $76.7 billion worth of assets.

E. Circle will continue to blacklist the Hacker Addresses, which will prevent any transfers of USDC held in the Hacker Addresses, including any Stolen USDC.

F. Absent Circle's continued blacklisting of the Hacker Addresses, there is a material risk that the Hackers may obtain access to the Stolen USDC, or that other parties in interest may succeed in asserting rights with respect to such assets outside of an orderly process designed to ensure that all eligible claimants have notice and an opportunity to recover from Multichain.

G. Such acts could (a) interfere with and cause harm to Multichain and the Petitioners' responsibilities in the Singapore Insolvency Proceedings, (b) diminish the value of Multichain's assets, and (c) undermine the Petitioners' efforts to achieve equitable results for the benefit of all of Multichain's known creditors. Accordingly, there is a material risk that the Petitioners may suffer immediate and irreparable injury.

---

[2] Capitalized terms not defined herein have the meanings ascribed to such terms in the Provisional Relief Motion.

H.  The Petitioners have demonstrated that, in the interest of comity, the purpose of chapter 15 is carried out by granting the relief provided herein on a provisional basis.

I.  The interest of the public will be served by granting the relief provided herein on a provisional basis.

J.  All known creditors and other parties in interest are sufficiently protected by granting the relief provided herein on a provisional basis in compliance with section 1522(a) of the Bankruptcy Code.

K.  The Petitioners and Multichain are entitled to the full protections and rights available and granted herein pursuant to section 1519(a)(3) of the Bankruptcy Code, including under section 1521(a)(2), (3), and (7).

**BASED ON THE FOREGOING FINDINGS OF FACT, AND AFTER DUE DELIBERATION AND SUFFICIENT CAUSE APPEARING THEREFOR, IT IS HEREBY ORDERED THAT:**

1.  The Provisional Relief Motion is GRANTED, as set forth herein.

2.  Except with respect to the provisional relief granted herein, nothing in this Order shall affect any rights, arguments, or defenses of the Named Plaintiffs, Circle, the Petitioners, or Multichain, including in respect of (a) the Recognition Motion, (b) the Verified Petition, (c) the applicability of the automatic stay under section 362 of the Bankruptcy Code to any proceedings or assets, including to the Newton Proceedings or to Circle's assets, (d) the Newton Proceedings or Circle's assets, or (e) renewal of or a new request for provisional relief, and all such rights, arguments, or defenses are preserved in all respects.

3.  Until further Order of this Court, Circle shall maintain the following Hacker Addresses on the blacklist:

4

    a.       0xefeef8e968a0db92781ac7b3b7c821909ef10c88

    b.       0x027f1571aca57354223276722dc7b572a5b05cd8, and

    c.       0x48bead89e696ee93b04913cb0006f35adb844537.

4.      This Order shall be effective and enforceable immediately upon its entry.

5.      The Petitioners are authorized to take all actions necessary to effectuate the relief granted by this Order without notice or further order of the Court.

6.      This Court retains jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to this Order, its implementation, or otherwise arising from or related to this chapter 15 case.

Dated: New York, New York
       October 30, 2025

                                      *s/ David S. Jones*
                                      Honorable David S. Jones
                                      United States Bankruptcy Judge