# CAHILL GORDON & REINDEL LLP

221 W. 10TH STREET
WILMINGTON, DE 19801

TELEPHONE: (302) 884-0000
WWW.CAHILL.COM

| | | |
|---|---|---|
| 32 OLD SLIP<br>NEW YORK, NY 10005<br>(212) 701-3000 | 1990 K STREET, N.W.<br>WASHINGTON, DC 20006<br>(202) 862-8900 | 20 FENCHURCH STREET<br>LONDON EC3M 3BY<br>+44 (0) 20 7920 9800 |

The Honorable David S. Jones
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green, Courtroom 701
New York, NY 10004-1408

**Re: Multichain Foundation Ltd. (In Liquidation), Chapter 15 Case No. 25-12340**

Dear Judge Jones:

We represent Bob Yap Cheng Ghee, Toh Ai Ling, and Tan Yen Chiaw, in their capacities as the joint and several liquidators (the **"Petitioners"**) of Multichain Foundation Ltd. (In Liquidation) (**"Multichain"**), the debtor in the above-captioned Chapter 15 proceedings. Pursuant to Federal Rule of Civil Procedure 43(a), made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 9017, the Petitioners respectfully request leave for Dr. Andreas Freund (**"Dr. Freund"**), one of our declarants, to testify remotely by Zoom at the evidentiary hearing (the **"Hearing"**) on the Petitioners' Motion to Stay the Newton Proceedings (ECF No. 27) scheduled for May 12, 2026. We conferred with Counsel for the Interested Parties and they do not oppose this request.

Rule 43(a) provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." These conditions are met here. Courts routinely find good cause where, as here, a witness resides outside of New York, and live testimony would impose substantial travel and cost burdens. *See Virtual Architecture, Ltd.* v. *Rick*, 2012 WL 388507, at *2 (S.D.N.Y. Feb. 7, 2012); *Dagen* v. *CFC Group Holdings*, 2003 WL 22533425, at *2 (S.D.N.Y. Nov. 7, 2003); *Chen* v. *JP Standard Construction Corp.*, 2016 WL 2909966, at *3 n.5 (E.D.N.Y. Mar. 18, 2016) (permitting telephone testimony from plaintiff residing in Hawaii due to the "substantial" cost of travel to Brooklyn). Dr. Freund resides in California, and requiring him to travel to New York for the Hearing would impose substantial costs on Multichain, which is an entity currently in liquidation in Singapore with very limited resources.

Moreover, appropriate safeguards exist to ensure that Dr. Freund's remote testimony will be reliable. We, as the Petitioners' counsel, can coordinate with the Court, its staff, and opposing counsel regarding the videoconferencing platform, witness identification, the administration of the

oath, and the handling of exhibits.  Counsel has also communicated repeatedly with Dr. Freund via Zoom with no technological issues or glitches.  Modern two-way videoconferencing permits "live synchronized audio and visual feeds" so the Court and counsel can observe the witness's demeanor in real time.  *Castillo Frias* v. *Martinez*, 2021 WL 2661093, at *1 (E.D.N.Y. June 28, 2021).  Opposing counsel and the Court have received full advance notice of documents expected to be used on direct examination.  *See Rinaldi* v. *SCA La Goutte, D'Or*, 2022 WL 443779, at *2 (S.D.N.Y. Feb. 14, 2022).  Dr. Freund is fluent in English, and no translator will be required.  Video testimony has become routine in federal practice, with little to no risk of prejudice to any party.  *Castillo Frias*, 2021 WL 2661093, at *1.

For the foregoing reasons, the Petitioners respectfully request that the Court grant leave for Dr. Freund to testify at the Hearing via Zoom.  We thank the Court for its consideration.

Respectfully submitted,

*/s/ Gregory Strong*
Gregory Strong

cc:      All counsel of record (via ECF)

2